UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDDIE LEE BECTON, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-1419 CAS |
| ) | |
| ST. LOUIS REGIONAL PUBLIC ) | |
| MEDIA, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on pro se plaintiff Eddie Lee Becton, II's motion for appointment of counsel. The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (citations omitted). Three factors are generally considered relevant in evaluating a motion for appointment of counsel: (1) the plaintiff's in forma pauperis status; (2) the plaintiff's good faith efforts to secure counsel; and (3) whether plaintiff has established a prima facie claim in the pleadings. See Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004-05 (8th Cir. 1984). Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986).

The Court will assume without deciding that plaintiff's complaint alleges a nonfrivolous prima facie cause of action. Having carefully reviewed the complaint, the Court concludes it would not benefit from the assistance of counsel at this time. Plaintiff has clearly articulated his claims in a well-organized manner, and the complaint states that plaintiff is the holder of two Masters Degrees. Further, although plaintiff has been granted in forma pauperis status, this does not necessarily mean he cannot retain an attorney. Plaintiff has not explained his efforts to secure counsel. Some attorneys take employment discrimination cases on a contingency fee basis, which requires little or no up-front payment.

Even assuming plaintiff cannot find an attorney to take his case on a contingency fee basis, given the nature of the legal issues in the complaint and the articulate manner in which the complaint is drafted, the Court believes plaintiff is capable of proceeding without the assistance of counsel at this time. The Court will deny plaintiff's motion for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [Doc. 4]

                                                                                   **CHARLES A. SHAW**
                                                                                   **UNITED STATES DISTRICT JUDGE**

Dated this 29th day of September, 2016.