# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE LEE BECTON, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1419 CAS |
| | ) | |
| ST. LOUIS REGIONAL PUBLIC | ) | |
| MEDIA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants St. Louis Regional Public Media, Inc., d/b/a Nine Network of Public Media ("NNPM"), John Galmiche III, Richard Skalski, and Amy Shaw's Motion to Dismiss or, Alternatively, for Summary Judgment. Plaintiff Eddie Lee Becton, II did not respond to the motion and the time to do so has passed. For the following reasons, the motion will be granted.

## I. Background

Plaintiff is an African-American male over the age of 40. Plaintiff's pro se Complaint alleges he was hired by NNPM as a Senior Evaluation Associate on January 5, 2015, and was terminated on July 23, 2015. Plaintiff alleges that the defendants, acting jointly and severally, wrongfully terminated his employment and conditioned his continued employment on "Plaintiff violating the law and a clear mandate public policy by requiring Plaintiff to falsify data for the purpose of deceiving state, federal, and private funding sources into the false belief that funded programs were more effectual than was actually the case, at the specific behest of Amy Shaw." (Complaint at 4, ¶ 21.) Plaintiff alleges that Amy Shaw instructed him to "revise [his] data language

so that West County, despite its many resources, would be more like the City of St. Louis with its meager resources." (Id. at 5, ¶¶ 33, 45.) Plaintiff alleges he was terminated because he refused to engage in unlawful or prohibited data collection and reporting, and because he is of African-American descent.

The Complaint asserts four causes of action against the defendants: Count I alleges race discrimination in violation of 42 U.S.C. § 1981, Count II alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), Count III alleges a violation of the Family and Medical Leave Act ("FMLA"), and Count IV alleges a supplemental state law claim of wrongful discharge in violation of Missouri public policy.

## II. Legal Standards

As a threshold matter, pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). This means "that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) (quoted case omitted).

### A. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  In making this determination, the Court must grant the plaintiff all reasonable inferences that can be drawn from the complaint's factual allegations.  See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010).

B.  Motion for Summary Judgment

The standards applicable to summary judgment motions are well settled.  Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party.  City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor).  Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(c); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999).  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  A dispute about

a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact, see Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004), and "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005).

## III.  Facts[1]

A.  Uncontroverted Facts Material to Count II—ADEA, 29 U.S.C. § 621

1.  On July 28, 2015, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race and sex discrimination and retaliation, but not age discrimination, EEOC Charge Number 560-2015-01667.  (Defs.' Ex. A.)

2.  On July 29, 2015, the EEOC issued its Dismissal and Notice of Rights regarding Plaintiff's charge of discrimination.  (Defs.' Ex. B.)

---

[1]The Court largely adopts the Statement of Undisputed Material Facts offered by defendants in support of their Motion for Summary Judgment.  This statement of facts is supported by references to the Complaint and various exhibits.  Plaintiff has not disputed defendants' statements of the facts or the exhibits thereto as he failed to respond to defendants' motion.  Because plaintiff failed to submit a statement of material facts as to which he contends a genuine issue exists as required by Local Rule 4.01(E), plaintiff is deemed to have admitted all facts which were not specifically controverted.  See Roe v. St. Louis Univ., 746 F.3d 874, 881 (8th Cir. 2014) (If the opposing party does not raise objections to a movant's statement of facts as required by Local Rule 4.01(E), "a district court will not abuse its discretion by admitting the movant's facts."); Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E. D. Mo. Local Rule 4.01(E)).

B. <u>Uncontroverted Facts Material to Count III—FMLA, 29 U.S.C. § 2601</u>

3. Plaintiff was not employed by Defendant, St. Louis Regional Public Media for one year. (Complaint, ¶¶ 12-13.)

C. <u>Uncontroverted Facts Material to Count IV—Wrongful Discharge</u>

4. On January 12, 2016, Plaintiff filed a Petition for Damages for Retaliatory/Wrongful Discharge ("Plaintiff's Petition") against Defendants in the Circuit Court for the City of St. Louis, State of Missouri. (Defs.' Ex. C.)

5. On February 12, 2016, Defendants filed a motion to dismiss Plaintiff's state court Petition. (Defs.' Ex. D.)

6. On March 1, 2016, the parties appeared in state court and argument was heard on Defendants' motion to dismiss. The state circuit court granted Defendants' motion, but allowed Plaintiff additional time to file an amended petition. (Defs.' Ex. E.)

7. On April 12, 2016, Plaintiff filed his First Amended Petition for Damages for Retaliatory/Wrongful Discharge ("Plaintiff's Amended Petition") in state court. (Defs.' Ex F.)

8. On April 26, 2012, Defendants filed a motion to dismiss Plaintiff's Amended Petition. (Defs.' Ex. G.)

9. On May 6, 2016, the parties appeared in state court for argument on Defendants' motion to dismiss Plaintiff's Amended Petition. The court took the motion under advisement. (Defs.' Ex. H.)

10. On May 31, 2016, the state court granted Defendants' motion to dismiss Plaintiff's Amended Petition in a thorough ten-page memorandum opinion. (Defs.' Ex. I.) The court granted Plaintiff forty-five days to file an amended petition as to defendant NNPM only, stating that plaintiff

did not have an actionable wrongful discharge/public policy exception claim against the individual defendants.  (Id. at 10 & n.2.)

11.  Plaintiff did not file a second amended petition in state court within the time granted, and instead filed the instant action on September 2, 2016.

12.  On November 1, 2016, defendants filed a motion for final dismissal of plaintiff's claim with prejudice pursuant to Missouri Supreme Court Rule 67.06.  (Defs.' Ex. J).

13.  On November 14, 2016, the state court entered a final dismissal with prejudice and entered judgment in favor of Defendants.  (Defs.' Ex. K.)

## IV.  Discussion

A.  Count I - 42 U.S.C. § 1981.

Defendants move to dismiss Count I for failure to state a claim upon which relief can be granted, asserting that plaintiff fails to allege sufficient facts to support a claim of race discrimination under 42 U.S.C. § 1981.  Defendants assert that plaintiff offers no facts to support his allegation of race discrimination, as his Complaint contains nothing more than a single conclusory statement that plaintiff was terminated because of his race, African American. (Complaint, ¶ 48.)

"Section 1981 provides that all persons within the jurisdiction of the United States shall have 'the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'"  Gregory v. Dillard's, Inc., 565 F.3d 464, 468 (8th Cir. 2009) (en banc) (quoting 42 U.S.C. § 1981(a)).  "First enacted in 1866, the statute was amended in 1991 to define 'make and enforce contracts' to include 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'"  Id. (quoting 42 U.S.C.

§ 1981(b)). Section "1981 prohibits racial discrimination in 'all phases and incidents' of a contractual relationship" but "does not provide a general cause of action for race discrimination." Id. (internal citation and quoted case omitted).

A plaintiff can state a Section 1981 discrimination claim under theories of disparate treatment or direct evidence. The elements of a Title VII disparate treatment case and a § 1981 claim are identical. Jin Ku Kim v. Nash Finch Co., 123 F.3d 1046, 1063 (8th Cir. 1997). For a disparate treatment claim, a plaintiff must show that (1) he is a member of a protected class; (2) he was meeting his employer's legitimate job expectations; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination, for example, that similarly situated employees outside the protected class were treated differently. Smith v. URS Corp., 803 F.3d 964, 969 (8th Cir. 2015).

To state a claim based on direct evidence, the plaintiff must allege "that an illegitimate criterion was a motivating factor in an adverse employment action, even though other factors also motivated the action." Browning v. President Riverboat Casino-Mo., Inc., 139 F.3d 631, 634 (8th Cir. 1998) (cited case omitted). "'Direct evidence' has been interpreted as 'conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude . . . sufficient to permit the factfinder to find that that attitude was more likely than not a motivating factor in the employer's decision.'" Id. at 634-35 (alteration in original) (quoted case omitted).

The Eighth Circuit has instructed that to survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." Gregory, 565 F.3d at 473 (quotation marks and citation omitted).

> [A] plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right. While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint.

Gregory, id. (quotation marks and internal citations omitted).

Here, plaintiff's complaint alleges only that he is African American and then makes a bare, conclusory assertion that he was terminated because of his race. The other facts the complaint pleads concerning plaintiff's employment and the circumstances of his termination do not mention plaintiff's race, or any conduct or statements by decisionmakers that may be viewed as reflecting a discriminatory attitude. Plaintiff does not plead any "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The facts plaintiff does allege do not provide the Court with a basis to draw any reasonable inference that defendants terminated plaintiff's employment with racially discriminatory intent.

Plaintiff's complaint therefore does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). Defendants' motion to dismiss Count I for failure to state a claim upon which relief can be granted will be granted. The Court does not reach defendants' alternative argument that plaintiff fails to allege any personal involvement by defendants Skalski and Galmiche with respect to Count I.

### B. Count II - Plaintiff Failed to Exhaust Administrative Remedies under the ADEA

Defendants seek dismissal or in the alternative summary judgment on plaintiff's ADEA claim of age discrimination in Count II, for failure to exhaust administrative remedies. Defendants

assert that the ADEA requires a plaintiff to file a claim with the Equal Employment Opportunity Commission before filing an age discrimination claim in federal court, and that plaintiff did not file such a claim with the EEOC. In support, defendants submit a copy of plaintiff's EEOC charge of discrimination, which alleges race and sex discrimination, as well as retaliation, but does not contain any mention of age discrimination. Plaintiff did not check the box indicating age discrimination.

Although plaintiff's EEOC charge was not attached to the complaint, the Court may take judicial notice of it as a public record and therefore properly consider it on a motion to dismiss without converting the motion to one for summary judgment. See Faibisch v. University of Minnesota, 304 F.3d 797, 802-03 (8th Cir. 2002).

The ADEA requires a plaintiff to exhaust administrative remedies by filing a charge of discrimination with the EEOC as a condition precedent to filing suit. Sellers v. Deere & Co., 791 F.3d 938, 943 (8th Cir. 2015); 29 U.S.C. § 626(d)(1). Although a charge of discrimination is to be liberally construed, "there is a difference between liberally reading a claim which lacks specificity, and inventing . . . a claim which simply was not made." Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (quoted case omitted). "The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [his or] her employment-discrimination claim, along with allegations that are 'like or reasonably related' to that claim, in federal court." Id. (quoted case omitted).

Here, plaintiff did not make a claim of age discrimination in his EEOC charge. Further, a claim of age discrimination is not "like or related" to the claims of sex, race and retaliation discrimination that plaintiff did make. See, e.g., Brooks v. Midwest Heart Group, 655 F.3d 796, 801 (8th Cir. 2011) (plaintiff's claims of age and retaliation discrimination were unexhausted and as a result were properly dismissed, where her EEOC charge did not allege age or retaliation

discrimination and those types of discrimination were unrelated to the race and sex discrimination claims that were asserted in her charge).

Because plaintiff failed to comply with the requirement that he administratively exhaust his age discrimination claim, the claim is subject to dismissal and defendants' motion to dismiss should be granted.

### C. Count III - Plaintiff is not an "Eligible Employee" Under the FMLA

Count III of the complaint alleges that plaintiff was fired the same day he returned from a visit to a podiatric surgeon with a cast on his leg. Count III appears to assert an FMLA entitlement claim. See Johnson v. Wheeling Machine Products, 779 F.3d 514, 517-18 (8th Cir. 2015) (discussing three categories of recognized FMLA claims). Defendants move to dismiss Count III, arguing it appears from the face of the complaint that plaintiff was not an "eligible employee" under the FMLA because he alleges he was not employed by NNPM for at least twelve months.

"The FMLA entitles eligible employees to take leave from work when they must be absent from work for medical reasons. 29 U.S.C. § 2612(a)(1). The FMLA allows an eligible employee to take up to twelve weeks of leave during any twelve-month period for certain family or medical reasons including 'a serious health condition that makes the employee unable to perform the functions of the position of such employee.' 29 U.S.C. § 2612(a)(1)(D). The FMLA further provides that, upon return from FMLA leave, an employee shall be restored to the position of employment he held when the leave began or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. 29 U.S.C. § 2614(a)." Reynolds v. Phillips & Temro Indus., Inc., 195 F.3d 411, 413-14 (8th Cir. 1999).

An "eligible employee" under the FMLA "is one who has been employed 'for at least 12 months by the employer' and provided 'at least 1250 hours of service during the previous 12-month period.'"  Sepe v. McDonnell Douglas Corp., 176 F.3d 1113, 1115 (8th Cir. 1999) (quoting 29 U.S.C. § 2611(2)(A)(i)-(ii)).  As defendants assert, plaintiff alleges that he was hired on January 5, 2015 and terminated on July 23, 2015 (Complaint, ¶¶ 12-13.)  By his own admission, plaintiff was not employed by NNPM for a period of twelve months, and therefore is not an "eligible employee" entitled to the protection of the FMLA.  Defendants' motion to dismiss Count III should therefore be granted.

### D.  Count IV - State Law Claim for Wrongful Discharge in Violation of Public Policy

In Count IV, plaintiff asserts a supplemental state law claim for wrongful discharge in violation of public policy under Missouri law.  The defendants move to dismiss this claim or in the alternative move for summary judgment on the basis of res judicata, asserting that plaintiff previously filed the same claim against them in the Circuit Court of the City of St. Louis, State of Missouri, and the claim was twice dismissed by that court.

As a preliminary matter, the Court must examine its jurisdiction now that it has dismissed all of plaintiff's federal claims.  There is no indication from the complaint that diversity of citizenship jurisdiction exists under 28 U.S.C. § 1332, as plaintiff does not allege facts concerning the citizenship of the parties or assert that more than $75,000 is in controversy.  However, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  28 U.S.C. § 1367(a).

"A district court has broad discretion to decline to exercise supplemental jurisdiction over state law claims after all claims over which the district court had original jurisdiction have been dismissed."  Elmore v. Harbor Freight Tools USA, Inc., 844 F.3d 764, 767 (8th Cir. 2016).  "In exercising its discretion, the district court should consider factors such as judicial economy, convenience, fairness, and comity."  Brown v. Mort. Elec. Registration Sys., Inc., 738 F.3d 926, 933 (8th Cir. 2013); see also 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").  Here, the Court finds it is in the interests of judicial economy, convenience, fairness, and comity to address defendants' motion directed to plaintiff's state law claim, where the state court issued a detailed memorandum opinion that addressed the merits of plaintiff's claims and offered plaintiff time to amend his complaint, but plaintiff elected not to do so and chose instead to file this action.

"The law of the forum that rendered the first judgment controls the res judicata analysis."  C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 764 (8th Cir. 2012) (quoted case omitted).  In this case, that forum is Missouri.  "The doctrine of res judicata prevents a party from relitigating facts or questions that have been settled by judgment on the merits in a previous action."  Clements v. Pittman, 765 S.W.2d 589, 591 (Mo. 1989). (en banc).  Under Missouri law, res judicata "applies where '[(1)] the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases.'"  A. H. ex rel. Hubbard v. Midwest Bus Sales, Inc., 823 F.3d 448, 453 (8th Cir. 2016) (quoting Bannum, Inc. v. City of St. Louis, 195 S.W.3d 541, 544 (Mo. Ct. App. 2006)).

With respect to the second element, under Missouri law a dismissal without prejudice may "operate to preclude the party from bringing another action for the same cause, and may nevertheless be *res judicata* of what the judgment actually decided" where the dismissal is for failure to state a claim and "the party elects not to plead further," as this "amounts to a determination that the plaintiff has no action."  Mahoney v. Doerhoff Surgical Servs., Inc., 807 S.W.2d 501, 506 (Mo. 1991) (en banc); see also Johnson v. Bank of America, N.A., 2014 WL 1955846, at *4 (W.D. Mo. May 15, 2014) (citing Mahoney; concluding state court dismissal without prejudice operated as an adjudication on the merits and precluded subsequent federal suit on same claim against same defendants where the plaintiff did not seek to amend the claim in state court).

The Court will address defendants' alternative motion for summary judgment on Count IV, because it is necessary to consider matters outside the pleadings to resolve it.  See Rule 12(d), Federal Rules of Civil Procedure.  Plaintiff was on sufficient notice and had a reasonable opportunity to present all material pertinent to defendants' motion, as defendants designated their motion alternatively as a motion for summary judgment and the motion was accompanied by a statement of uncontroverted material facts and supporting documents.  See Hearing v. Minnesota Life Ins. Co., 793 F.3d 888, 893 (8th Cir. 2015).

The exhibits submitted by defendants show that the elements of res judicata under Missouri law are met.  Plaintiff's prior state court action asserted the same claim of wrongful discharge in violation of public policy against the same defendants, and sought the same relief.  The petition was dismissed without prejudice for failure to state a claim and plaintiff was granted leave to replead as to NNPM only, but he chose not to do so.  As a result, the dismissal without prejudice amounts to a final determination on the merits.  Mahoney, 807 S.W.2d at 506.  Further, after this action was

filed, the state court issued a final dismissal with prejudice of plaintiff's prior state court action pursuant to Missouri Supreme Court Rule 67.06 and entered judgment in favor of the defendants.

Under these circumstances, the Court concludes that res judicata precludes plaintiff from reasserting his state law wrongful discharge in violation of public policy claim in this Court. Defendants' alternative motion for summary judgment on Count IV should therefore be granted.

## V. Conclusion

For the foregoing reasons, the Court will grant defendants' motion to dismiss plaintiff's federal claims in Counts I, II, and III. The Court will grant defendants' alternative motion for summary judgment on plaintiff's supplemental state law claim in Count IV.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss Counts I, II and III of plaintiff's Complaint is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that defendants' alternative motion for summary judgment is **GRANTED** as to Count IV, and **DENIED as moot** in all other respects. [Doc. 10]

An appropriate judgment and order of dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of February, 2017.